UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

                              Case No.: 3:25-MJ-195

RICK KELLEY,
    Defendant.
                                    /

## **ORDER**

On July 8, 2025, Defendant had an initial appearance in this district on a warrant issued by the District of Nebraska for a violation of release conditions. The Government moved for detention pending a final release revocation hearing in the District of Nebraska. Defendant requested a detention hearing in this district. That hearing was held on July 9, 2025, and then continued to July 10, 2025, so the parties could obtain additional information.

### I.    Background

Both parties proceeded by way of proffer at the detention hearing. The Government's proffer established that Defendant possessed marijuana on June 28, 2025. The District of Nebraska had previously permitted Defendant to use marijuana if he had a valid medical

1

marijuana card issued by a licensed medical practitioner. (Doc. 1). Defendant previously had a medical marijuana card, but it had expired when marijuana was found in his residence on June 28, 2025. According to Defendant's proffer, he had purchased the marijuana found in his residence at a time when the medical marijuana card was valid. Defendant proffered that he was no longer using marijuana, which is why he did not renew his card. The Government proffered that Defendant had previously been told to discard the marijuana after his card expired.

Defendant has been on release from the District of Nebraska since 2021, and he has no history of failing to appear or absconding. There was no evidence presented at the hearing regarding any violent acts engaged in by Defendant nor was there any evidence presented of drug trafficking while on release or the possession of any weapons. The only violation alleged is the possession of marijuana without a valid medical marijuana card.

## II.   Discussion

Under Rule 40, when a defendant is arrested in one district for violating conditions of release from another, the defendant "must be taken without unnecessary delay before a magistrate judge in the district

of arrest." Fed. R. Crim. P. 40(a). The judge in the district of arrest "may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so." Fed. R. Crim. P. 40(c). Where the Government asks a judge in the district of arrest to modify the conditions of release by ordering detention, the defendant is entitled to a detention hearing in the district of arrest. Precedent from various courts supports that conclusion.[1] It also finds support in the leading treatise on federal practice, which states: "[B]ecause Rule 40(c) explicitly authorizes the magistrate judge in the district of arrest to modify any previous release or detention orders, clearly the magistrate judge in the district of arrest may hold a detention hearing." 3A Charles Alan Wright & Sarah N. Welling, Federal Practice & Procedure § 653 (2010).

---

[1] *See, e.g.*, *United States v. Alonzo*, 2022 WL 17182076, at *1 (N.D. Tex. Nov. 23, 2022) (holding that "the magistrate judge in the district of arrest should hold a hearing to allow the parties to be heard in connection with [the] decision that Rule 40(c)(3) contemplates and authorizes the judge in the district of arrest to make"); *United States v. Garraway*, 2022 WL 14752697, at *1 (S.D. Tex. Oct. 25, 2022) (holding a detention hearing in the district of arrest under Rule 40(c)); *United States v. Fellows*, No. 1:21-MJ-0314, 2021 WL 3025741, at *3 (N.D.N.Y. June 23, 2021) (stating that "there is very little question that [the district of arrest] is authorized to hold a detention hearing" and explaining that "it would be anomalous to basic principles of due process to not allow the Defendant and his counsel the opportunity of notice and the right to be heard" on the issue of detention); *United States v. Thomas*, 992 F. Supp. 782, 786 (D.V.I. 1998) ("This Court further holds that Rule 40 requires that the magistrate judge in the arrest district must conduct a hearing under the Bail Reform Act.").

Having established that the Court has the authority to hold a detention hearing, it is necessary to decide what legal standard applies at that hearing.[2] Because Defendant has pleaded guilty and is pending sentencing, the Court believes the applicable standard is found in Fed. R. Crim. P. 46(c) and 18 U.S.C. § 3143(a)(1).[3] Under that standard, a defendant seeking release must show "by clear and convincing evidence

---

[2] Rule 40(c) does not provide a standard for making the pre-revocation hearing detention decision.

[3] The Government argued that the Court was required to detain Defendant under 18 U.S.C. § 3143(a)(2). According to the Government's argument, Defendant had a Rule 11 hearing before a U.S. Magistrate Judge in the District of Nebraska. At the conclusion of the hearing, Defendant was allowed to remain on release. The Magistrate Judge issued a recommendation that the guilty plea be accepted. On June 23, 2025, Chief Judge Rossiter in the District of Nebraska, issued an order accepting the guilty plea and finding Defendant guilty. (Gov. Det. Hrg. Ex. 3). The Government says that once Chief Judge Rossiter issued his order finding Defendant guilty of a drug offense, detention became mandatory under 18 U.S.C. § 3143(a)(2). Thus, the Government says that this Court has no authority to do anything other than order Defendant detained—not because of his release violation, his risk of flight, or his danger to the community—but because although he remained on release after the Rule 11 hearing with the Magistrate Judge, he was later found guilty by Chief Judge Rossiter and Chief Judge Rossiter's order finding Defendant guilty neither identified an exception to mandatory detention in 18 U.S.C. § 3143(a)(2)(A)-(B) nor exceptional circumstances under 18 U.S.C. § 3145. So, the Government says Defendant has to be detained.

The Court finds this argument unpersuasive. Defendant is not before this Court based on a bench warrant that Chief Judge Rossiter issued to effectuate mandatory detention under 18 U.S.C. § 3143(a)(2) after adopting the Magistrate Judge's recommendation and finding Defendant guilty. Defendant is before this Court because the probation office has petitioned for revocation of his release based on a violation. And a warrant was issued by the District of Nebraska on that petition. Thus, this Court believes the question here is the same as it is in any case where the Government seeks detention of a defendant pending a final release revocation hearing.

that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Thus, to be released pending his release revocation hearing in the District of Nebraska, Defendant must prove by clear and convincing evidence that he is neither a risk of flight nor a danger to any other person or the community.

The Court finds that Defendant has met that burden. First looking to risk of flight, there is nothing in the record that would support a finding that Defendant is a risk of flight. Defendant has been on pretrial release for several years in this case, and he has neither absconded nor failed to appear. Indeed, he traveled to the District of Nebraska as recently as last month for a court appearance. Moreover, Defendant is an elderly man with health issues who is also of limited financial means. Accordingly, Defendant has shown by clear and convincing evidence that he is poses no risk of flight.

The Court will now turn to the issue of whether Defendant poses a danger to any other person or the community. The sole alleged violation is that Defendant—who had been permitted by the District of Nebraska's release conditions to use marijuana with a valid medical marijuana

5

card—continued to possess marijuana after his medical marijuana card had expired. According to Defendant's proffer, the marijuana he possessed was purchased when his medical marijuana card was valid. Thus, there was no evidence presented indicating that Defendant is actively associating with street dealers to obtain the marijuana.

Additionally, there was no evidence that Defendant engaged in violence, possessed any weapons, or made threats of violence against others while on release. Nor was any information proffered regarding Defendant engaging in drug trafficking while on release. So, what we have is an elderly man with health issues who possessed some marijuana that he received from a dispensary when he had a valid medical marijuana card but whose medical marijuana card has now expired. The Court struggles to see how Defendant did not pose a danger to the community when he possessed marijuana with a valid medical marijuana card,[4] but as soon as the card expired Defendant somehow transformed into a dangerous threat to the community who needs to be detained. The

---

[4] It appears that pursuant to release conditions imposed on March 16, 2021, Defendant was authorized to possess marijuana with a valid medical marijuana card. (Doc. 1). Thus, for nearly four years Defendant was on release and permitted to possess marijuana without any argument that his possession of marijuana posed a danger to the community.

bottom line is that nothing before this Court would support a finding that Defendant poses a danger to the community if allowed to remain on release. Thus, Defendant has shown by clear and convincing evidence that he does not pose danger to any other person or the community.

Because Defendant has established by clear and convincing evidence that his release would pose neither a risk of flight nor a danger to any other person or the community, he should be released on the same terms and conditions that were previously imposed. At the request of the United States Attorney's Office, the Court will stay this release order until 3:00 p.m. (central) on July 11, 2025.

**SO ORDERED** this 10th day of July 2025.

        *s/ Zachary C. Bolitho*
        Zachary C. Bolitho
        United States Magistrate Judge